ALYSSON SNOW (Bar No. 225185)
JOE VILLASEÑOR (Bar No. 265703)
**LEGAL AID SOCIETY OF SAN DIEGO, INC.**
110 South Euclid Avenue
San Diego, California 92114
Tel.: 619-471-2655
Fax: 619-263-5697
alyssons@lassd.org
joev@lassd.org

*Attorneys for Plaintiff*
Sau King Chan

# U.S. DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAU KING CHAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE, N.A., a national banking association; and DOES 1 THROUGH 10, inclusive,<br><br>　　　　　Defendant. | CASE NO. **'16CV2403 WQHMDD**<br><br>**COMPLAINT FOR:**<br><br>• **VIOLATIONS OF THE CALIFORNIA HOMEOWNER'S BILL OF RIGHTS;**<br>• **VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br>• **NEGLIGENCE; AND,**<br>• **VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§17200**, *et seq.*<br><br>Demand for Jury Trial. |

-1-

COMPLAINT

Plaintiff Sau Chan ("Ms. Chan" and "Plaintiff") alleges against Defendant J.P. Morgan Chase, N.A., a national banking association ("Chase") and Does 1 through 10, (collectively, "Defendants") as follows:

## I. INTRODUCTION

1. This case challenges Chase's unfair, negligent, and unlawful conduct in servicing the home loan of Plaintiff Sau Chan. In 2009, Ms. Chan was involved in a serious car accident that left Ms. Chan in a wheelchair. Her disability curtailed her ability to work and pay her mortgage. When she was back on her feet, Ms. Chan attempted to modify the mortgage loan on her primary residence, only to be thwarted by Chase's pattern and practice of unwillingness to accurately and fairly review her home loan modification applications. Moreover, Chase engaged in unlawful dual tracking. Chase's unfair, unlawful and negligent actions caused Ms. Chan to suffer damages, including inducing Ms. Chan to suffer extreme stress and anxiety. Ms. Chan seeks immediate injunctive relief and damages stemming from Chase's negligent and otherwise unlawful handling of her loan.

## II. PARTIES

2. Ms. Chan is an individual and is a resident of San Diego County, California.

3. On information and belief, Chase is a national banking association with its principle place of business outside the state of California, organized under the laws of the United States and not incorporated under the laws of any state. On information and belief, Chase purports to own the mortgage and the note and is the current servicer of Sau Chan's mortgage. Chase is engaged in lending and other transactions in California.

4. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 to 10 is unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege Defendant's true names and

capacities when the same have been ascertained. Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees is responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Ms. Chan's damages.

5. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-Defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

6. Defendants aided and abetted each other in accomplishing the wrongful acts. In doing so, Defendants acted with an awareness of their wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful conduct.

7. Chase in the regular and ordinary course of business routinely attempts to collect debts on behalf of itself or others.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to title 28 of the United States Code section 1332. There is complete diversity between the parties. The Plaintiff is a citizen of the state of California and on information and belief, Chase is a Delaware limited liability company with a principle place of business outside the state of California. Additionally, the amount in controversy exceeds $75,000.00.

### IV. DEMAND FOR JURY TRIAL

9. Ms. Chan demands a jury trial.

### V. FACTUAL BACKGROUND

10. Ms. Chan is a homeowner in San Diego County, California. Her property is located at 3110 Stoney Oak Drive, Spring Valley, California 91978.

11. Ms. Chan has been working with Chase to obtain a modification of her mortgage loan for her home since 2013.

12.   Chase has repeatedly refused to review her application and supporting documentation in an accurate and fair manner.

### *FIRST LOAN MODIFICATION ATTEMPT*

13.   In 2013, Ms. Chan applied for a loan modification under the HAMP program through Chase.  Ms. Chan submitted a full modification package and complied with all of Chase's supplemental documentation requests.

14.   Despite her efforts and compliance with Chase's document requests, on or about July 23, 2014, Ms. Chan received a denial letter from Chase indicating that Chase was *unable to verify her income, employment, assets, identity and/or occupancy in the property based on the information provided*. A copy of this denial letter is attached to this complaint as Exhibit 1.

15.   As the denial was vague and stated in the disjunctive, it was impossible to know what the actual basis of the denial was.  As she did not have knowledge of the basis for the denial, she could not meaningfully appeal the denial.

### *SECOND LOAN MODIFICATION ATTEMPT*

16.   In August 2014, Ms. Chan submitted a subsequent loan modification application to Chase.  Ms. Chan submitted a full modification package and complied with all of Chase's multiple and duplicative supplemental documentation requests.

17.   On or about March 4, 2015, after spending months complying with Chase's multiple requests for information regarding her income, employment and occupancy, Ms. Chan received a letter from Chase indicating that she did not qualify for a loan modification due to Chase's *inability to verify her income, employment, assets, identity and/or occupancy in the property based on the information provided*. A copy of this denial letter is attached to this complaint as Exhibit 2.

/////

/////

-4-

18. Ms. Chan immediately requested an escalation of the denial after receiving it. The escalation team asserted it was denied because Chase could not verify income, but refused to identify what part of her income could not be verified.

19. As the denial was vague and stated in the disjunctive, it was impossible to know what the actual basis of the denial was. As she did not have knowledge of the basis for the denial, she could not meaningfully appeal the denial.

### THIRD LOAN MODIFICATION ATTEMPT

20. On or around May 21, 2015, Ms. Chan submitted another loan modification application. Once again, Chase made multiple, repeated requests for supplemental information after the completed application had been received. Ms. Chan complied with all of the requests.[1]

21. On or about, October 19, 2015, Chase indicated in a phone call that it needed an entire updated loan modification application, as the previous application had expired, it refused to consider the existing loan modification request further and insisted Ms. Chan start the entire loan modification process over again.

### FOURTH LOAN MODIFICATION APPLICATION

22. At the insistence of Chase, on or around November 12, 2015, Ms. Chan submitted another request for home loan modification assistance and 202 pages of supporting documentation.

---

[1] **Fake Short Sale Issue:** On or around August 13, 2015, to add to the absurdity of the Chase assailing Ms. Chan with demands for the same documentation over and over again, Chase sent a letter to Ms. Chan (signed by her single point of contact for the loan modification) purporting that Ms. Chan had informed Chase that she no longer wished to keep her home. The assertion she no longer wanted the home she had been fighting so hard to keep was pure fiction. Despite Ms. Chan repeatedly insisting she wanted to keep her home, Chase had her in the short sale department. Ms. Chan repeatedly, through her attorney, tried to clarify the issue and have the short sale department not pursue foreclosure while she was actively pursuing a loan modification. Ms. Chan's efforts were in vain. Chase made good on its threats in its short sale letters and initiated foreclosure proceedings despite having received a completed loan modification application.

23. Supporting documents submitted included:
- Ms. Chan's financial hardship letter;
- Ms. Chan's 2013 tax return and tax return transcript;
- Ms. Chan's 2014 tax return and tax return transcript;
- Profit/loss statements for rental properties for July 2015 through September 2015;
- Lease agreements for her rental properties;
- Profit/loss statements for the Lomenti beauty salon for July 2015 through September 2015;
- Receipts for income from In Home Support Services;
- Profit/loss statements for her housekeeping services for July 2015 through September 2015;
- Monthly checking and saving statements with annotated deposits for July 2015 through September 2015;
- Loan modification information and an escrow, tax, and insurance statement for her property at 332 Silliman St., San Francisco, California;
- Evidence of mortgage insurance for the subject premises,
- Letters of explanation regarding her properties; and,
- Proof of occupancy, including Ms. Chan's August 2015 utility bill, California ID card, bank statements, and tax returns.

24. Ms. Chan submitted a complete loan modification application, on or around November 12, 2015, and complied with all Chase's requests for additional information.

25. Ms. Chan received confirmation the application was complete via telephone, on or around December 15, 2015.

/////

/////

26. On or around December 30, 2015, despite Ms. Chan's active modification review, Chase reinitiated foreclosure proceedings by recording a Notice of Default against Ms. Chan's property.

27. Ms. Chan notified Chase of the dual tracking and filed a complaint with the Consumer Financial Protection Bureau regarding the dual tracking.

28. Chase willfully refused to cease and desist from dual tracking Ms. Chan.

29. Ms. Chan continued to comply, on her part in good faith, with Chase's requests for additional information in support of her loan modification application.

30. On or around January 7, 2016, Ms. Chan submitted: the IRS form 4506T-EZ; the December 2015 utility bill; and, the November and December 2015 water bills.

31. On or around January 27, 2016, Ms. Chan re-submitted her utility bills for November and December 2015 per Chase's request.

32. On or around March 1, 2016 and March 7, 2016, Ms. Chan submitted approximately 50 pages of additional material requested by Chase including:

- IRS Form 4506T-EZ for 2013 to 2014;
- Itemized profit and loss statements for December 2015 to January 2016;
- Agreement between Sau King Chan and Phong Ackerman regarding loan for 2202 Sierra Leone Ave.;
- Letter of explanation regarding telephone, internet, and cable statements;
- Utility bills for January 2016 and February 2016;
- January 2016 and February 2016 mortgage statements property located at 332 Silliman St.;
- Letter of explanation regarding properties located at 27581 Pinyon St. and 2202 Sierra Leone Ave.;

/////

- January 2016 mortgage statement for property located at 27581 Pinyon St.;
- January 2016 mortgage statement for property located at Sierra Leone Ave.;
- Letter of explanation regarding property located at 40350 Johnson Ave.;
- Grant deed showing Ms. Chan no longer owns the property located at 40350 Johnson Ave.;
- Grant deed showing Ms. Chan retains only a 5% interest in the property located at 40364 Johnson Ave.;
- Letter of explanation regarding 40364 Johnson Ave.; and,
- SPS Mortgage Statement, 02/12/2016.

33. On or around March 23, 2016, Ms. Chan provided additional documents that were requested, including the Lomenti Beauty Salon Chart with income and expense report and profit and loss statement and the itemized profit and loss statements from February 1, 2016 to February 29, 2016.

34. On information and belief, Chase asserted falsely it was unable to obtain Ms. Chan's tax information. (She had already sent it.) Ms. Chan again, on or around April 6, 2016, provided her 2013 and 2014 tax returns and related tax documents.

35. Ms. Chan also provided her bank statements through April 2016 as requested by Chase with a letter of explanation regarding her caretaker income.

36. Despite with Ms. Chan's compliance with all documents and information requests, Chase denied the loan modification request.

### *June 9, 2016 Loan Modification Denial*

37. Chase denied Ms. Chan's request for a loan modification, on or around June 9, 2016.

/////

38. Chase stated in the June 9, 2016 denial letter that loan modification application was denied for a HAMP loan modification (Tier 1) with or without principal forgiveness; Chase modification with or without principal forgiveness; and, the Home Affordable Modification (Tier 2) with or without principal forgiveness.

39. In its June 9, 2016 letter of denial, Chase stated, "***We could not verify your income, employment, assets, identity, and/or property occupancy based on the information you provided***." A copy of this denial letter is attached to this complaint as Exhibit 3.

40. As this statement could mean the basis for the denial could be all or none of those reasons, Ms. Chan made multiple attempts to clarify the basis of the denial.

41. On or around July 6, 2016, Ms. Chan communicated with Chase to clarify the reason for the denial. The representative regurgitated, "We could not verify your income, employment, assets, identity, ***and/or*** property occupancy based on the information you provided." No further information was available.

42. On July 8, 2016, Ms. Chan communicated with Chase representative, Diamond Porter, through her attorney Alysson Snow, regarding the reason for the denial. Ms. Porter stated that she could not identify the reason for the denial based on the internal notes. Ms. Porter tried to transfer Ms. Chan's attorney to Chase's Customer Assistant Specialist. No one was available. After 33 minutes, Ms. Chan's attorney was transferred to Josh Kendra, Chase Escalation Manager. Mr. Kendra stated that he could not tell the basis of the denial after reviewing Ms. Chan's file. He put Ms. Chan's attorney on hold again while he tried to locate someone else to assist. No one was available. Ms. Chan's attorney was on the phone call for 48 minutes. ***No one at Chase could provide the actual basis for the denial.***

/////

43.     Ms. Chan was denied the opportunity to do a meaningful appeal as Chase refused to explain the basis and real reason for the denial in writing or otherwise.

44.     To the best extent she could, Ms. Chan appealed the denial of her loan modification application.  Ms. Chan appealed the denial of my loan modification application on the following grounds.

45.     The denial based on inability to verify income, employment, and assets is improper because Ms. Chan had provided readily verifiable proof of her income, employment, assets, and occupancy.

46.     On information and belief, Chase's assertion it could not verify Ms. Chan's identity or occupancy is a fiction.

47.     In Chase's response to Ms. Chan's appeal dated August 5, 2016, Chase confirmed its earlier decision and informed Ms. Chan it had referred her account for foreclosure.

48.     The August 5, 2016 letter raised income and occupancy issues **Chase never mentioned during the loan modification review.**  Over the course of months and months of requests for supplemental documents and information, Chase failed to ask for explanation regarding the bases cited in its latest letter for the denial.  The assertions are mere pretext for Defendants' bad acts.

49.     Ms. Chan did not have a meaningful chance to appeal her loan modification denial.

*Trustee Sale Scheduled for October 28, 2016*

50.     Chase provide Ms. Chan with a notice of trustee sale set for October 28, 2016.  Chase recorded the Notice of Trustee Sale, on or around September 15, 2016.

51.     Not only has Ms. Chan invested countless hours complying with Chase's document requests in order to obtain a loan modification, she has suffered actual damages as a direct and proximate result of Chase's bad acts.

52. Chase was informed in writing that Ms. Chan was represented by legal counsel and instructed not to communicate with her directly. Chase repeatedly communicated directly with Ms. Chan.

53. Ms. Chan's has suffered great emotional distress, including, stress, fear, anxiety, back pain, and inability to sleep.

54. Additionally, Chase was notified on multiple occasions that Ms. Chan was represented by counsel, but it continued to contact her directly, which only contributed to her anxiety and stress.

## VI. FIRST CAUSE OF ACTION:

## Violations of the California Homeowner's Bill of Rights Against All Defendants.

55. Plaintiff repeats and realleges the allegations in the previous paragraphs of this Complaint.

56. The recently enacted Homeowners Bill of Rights states, "It is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a plan is consistent with its authority." Cal. Civ. Code §2923.6(c).

57. Ms. Chan sought to modify the loan on the first lien on her home. On information and belief, Chase owns the mortgage and note on her home.

58. Ms. Chan asked to be considered for a HAMP modification.

59. Ms. Chan submitted at least three complete loan modification applications to Chase and provided all documents required by Chase within the timeframes specified by Chase.

60. On information and belief, Chase agreed to review Ms. Chan under the HAMP program.

61. Ms. Chan sent a complete request for loan modification application on November 12, 2016.

-11-

62. Ms. Chan timely provided the supplemental information and documents Chase requested.

63. Chase repeatedly requested information from Ms. Chan verify her assets, income and occupancy in the property.  Ms. Chan complied.  Then, Chase refused to use the information it requested to verify Ms. Chan's assets, income, and occupancy in the property.

64. The Homeowner's Bill of Rights required Chase to notify Plaintiff if any document deficiencies existed that prevented it from reviewing Plaintiff for a modification. Cal. Civ. Code §2924.10(a)(4).

65. Chase violated Civil Code section 2924.10(a)(4).  Chase never informed Ms. Chan that there were document deficiencies related to purported AirBnB income.  The first time it is mentioned is in the response to the appeal, dated August 5, 2016.

66. Chase further violated Civil Code section 2924.10(a)(4) by failing to note the purported deficiency regarding the basis of its averment that Ms. Chan does not occupy 3110 Stoney Oak Drive.  Chase asserts that because Ms. Chan deposits her rental income from a rental located in Murrieta, she must live in Murrieta.  (In fact, Chase falsely asserts all of her income was deposited in Murrieta.  The assertion is specious.  The documents belie this misrepresentation.)

67. Chase violated Civil Code section 2924.10(a)(4) by not notifying Ms. Chan that it lacked information regarding the tenant at the 27851 Pinyon Street Address.  (Once again, Chase makes a claim that is clearly contradicted by the information and documents it already had.  Chase had the lease agreement with the tenant listed on it.)

68.    Chase violated the dual tracking provisions in California Civil Code section 2923.6 by recording Notices of Default and Notices of Trustee Sale while Ms. Chan was under review for a loan modification.

/////

-12-

69. Ms. Chan has suffered damages as a direct and proximate result of Defendants' actions.

70. Ms. Chan seeks injunctive relief pursuant to California Civil Code section 2924.12(a)(1) enjoining the trustee's sale of their home.

## VII. SECOND CAUSE OF ACTION:

## Violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq*. Against All Defendants.

71. Plaintiff repeats and realleges the allegations the preceding allegations in this Complaint.

72. On information and belief, Chase collects debts, either on behalf of themselves or others, in the regular and ordinary course of business.

73. The monies allegedly owed by Plaintiff are a "debt" within the meaning of Civil Code section 1788.2(d), and a "consumer debt" within the meaning of Civil Code section 1788.2(f).

74. Defendants violated the California Rosenthal Fair Debt Collection Practices Act, which regulates the collection of debts.

75. Defendants' violations include, but are not limited to, the following:
   a. Violating California Civil Code section 1788.14 by initiating communications with Plaintiff after being notified in writing that Ms. Chan was represented by counsel;
   b. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692c by communicating with Plaintiff when Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt;
   c. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692e(1) by falsely representing the amount, legal status, and character of the alleged debt;

      d. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692e(5) by threating to take and/or taking action that cannot be legally taken;

      e. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692e(8) by reporting false information to the credit reporting agencies;

      f. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692e(10) by using false representations and deceptive means to collect or attempt to collect any debt; and,

      g. Violating California Civil Code section 1788.17 by violating 15 United States Code section 1692f by attempting to collect amounts to which it is not entitled and is prohibited from collecting.

76. Defendants' actions have directly and proximately caused Ms. Chan damages, including emotional distress damages.

## VIII. THIRD CAUSE OF ACTION:
## Negligence Against All Defendants.

77. Plaintiff repeats and realleges the preceding allegations in the Complaint.

78. Defendants had a duty of ordinary care to Ms. Chan as the owner and loan servicer of Plaintiff's mortgage.

79. By accepting Plaintiff's loan modification applications, and agreeing to review Plaintiff under the HAMP program, Chase had a duty to accurately and fairly process Plaintiff's loan modification applications.

80. Although, Ms. Chan repeatedly and consistently responded to Chase's substantial document requests, Chase's failure to communicate accurately and in a timely fashion with Ms. Chan about the status of their loan modification application and the reasons it was denied, denying the loan modification application for reasons

-14-

that had no basis in fact, and denying Ms. Chan the meaningful opportunity to challenge the denial afforded to her by law and contract.

81. As a direct and proximate result of Defendants' acts of negligence, Ms. Chan has suffered damages.

## IX. FOURTH CAUSE OF ACTION:
## Violations of Business and Professions Code Section 17200, *et seq*. Against All Defendants.

82. Plaintiff repeats and realleges the preceding allegations in the Complaint.

83. California Business and Professions Code section 17200, *et seq*. prohibits unfair, unlawful, and fraudulent business practices.

84. Defendants have engaged in unfair competition as defined by California Business and Professions Code section 17200.

85. Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, Defendants' conduct is unfair because it offends established public policy or is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. And, as detailed above, Defendants' conduct violates numerous laws: it was negligent, it violated the Homeowner's Bill of Rights and California Rosenthal Fair Debt Collection Practices Act. Defendants' conduct also violates the spirit of these laws, and otherwise significantly threatens or harms consumers.

86. Defendants' acts and practices are also unfair because it failed to accurately and fairly review Ms. Chan's loan modification applications, it purposefully made burdensome and erroneous documentation requests in an effort to delay and hinder the modification process. Further, Defendants repeatedly provided Ms. Chan with inaccurate and inconsistent information regarding her loan modification review, denied her a meaningful chance to appeal her modification denials and refused to remove her property from the short sale department although

1  Plaintiff never made any indication to Defendants that she wished to sell her home.
2  It also engaged in unlawful dual tracking.

3      87.    Defendants' conduct has caused substantial injury, which was not
4  reasonably avoidable by Ms. Chan, and is not outweighed by countervailing
5  benefits to consumers or to competition.

6      88.    Defendants' actions constitute unlawful competition because it
7  engaged in the following acts:

- Negligence;
- Violating the California Homeowner's Bill of Rights;
- Violating the California Rosenthal Fair Debt Collection Practices Act; and,
- Violating the California Civil Code sections 1788, *et seq*.

13      89.    As a direct and proximate result of Defendants' unfair and unlawful
14  business practices, Ms. Chan has suffered injury in fact and monetary damages.

15      90.    Ms. Chanseeks injunctive relief, pursuant to Business and Professions
16  Code section 17203.

## X. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

1. For an order requiring Defendants to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

2. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants, and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from conducting a trustee's sale of Plaintiff's property;

3. Declaratory relief;

4. For restitution of wrongly imposed fees and charges;

5. An equitable accounting of the alleged indebtedness;

-16-

COMPLAINT

6. Damages in an amount to be determined at trial;

7. Statutory damages in the amount of $1,000 for violations of the California Rosenthal Fair Debt Collection Practices Act.

8. Emotional distress damages for violations of the Rosenthal Fair Debt Collection Practices Act;

9. Interest, if applicable;

10. Attorney's fees;

11. Costs; and,

12. Any other and further relief that the court considers proper.

Dated:  September 23, 2016          Respectfully submitted,

                                    By   /s/ Alysson Snow
                                        ALYSSON SNOW
                                        *Attorney for Plaintiff Sau Chan*